GRIFFIN, J.,
concurring specially.
I write to say that I think the position of the Appellant, Department of Children and Families, is probably correct. Certainly the trial judge failed to make the required written findings. Fla. R. Juv. P. 8.415(f)(7).
It is plain on the record, however, why the judge decided to delay the implementation of a plan for termination of parental rights. The mother, who is a paranoid schizophrenic, had made some recent improvement under psychiatric care. The court was provided a letter from her mental health providers reporting that:
We have been treating [P.] for a paranoid schizophrenia diagnosis since August, 2000. During the one and a half years we have been treating her, she has only recently shown some improvement in her abilities to perform everyday tasks. [P.] is compliant with her medications and with her appointments.
However, it is our opinion that it is premature to allow her, at this stage in her growth, to potentially overwhelm her with the responsibilities for caring for her children.
In this letter the trial court found reason to believe that these children may be able to be reunited with their mother. Although this letter is the thinnest of reeds for such an expectation, the trial judge chose to conclude that if the mother were given a bit more time, it could happen. The question is whether section 39.701(8)(f), Florida Statutes (2001), will permit it. The statute sets a twelve month limit for shelter and will allow an extension only if “the situation of the child is so extraordinary that the plan should be extended”. The court did not consider the children’s situation except to the extent that they have a mother who is mentally ill and cannot care for them but who is making unquantified progress in her treatment. The underlying premise of the statute is that children in shelter cannot any longer be warehoused indefinitely without a loving family and until they are no longer adoptable in the name of the parent/child bond. The parent is given a year to get into a position to be able to perform his or her responsibilities as parent. If this is not done, the child must be put in a position to get out of shelter care and to move into a functioning family. Here we have a mother who has not been able to put herself in a position to parent for at least one and -a half years, however, the reason ostensibly is that she is afflicted with an illness that possibly will be controlled by medication and therapy.
The appealed order in this case was rendered over six months ago, so the extra time the trial judge was moved to grant the mother has now expired. Either there has been or shortly will be another hearing where it is to be hoped that the question of these children’s futures can be examined more thoroughly in light of current information about whether this mother’s own mental health will permit her to parent appropriately and safely. I vote to concur with the majority only because the passage of time has rendered this appeal largely moot. The majority’s “per curiam affirmed” will cause an end to this appeal and, hopefully, prompt resolution below.
*362 I note, by the way, that this court is committed to expediting proceedings that pertain to the status of children. If either party had asked for this case to be expedited we would have doubtless done so, and if this case again comes up on appeal, all the parties have to do is let us know the subject matter an/*d we will resolve the appeal as quickly as we can.